IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

XAVIER FAISON,

Plaintiff,

v. Case No. 2025CV00002

ROLLY WAGAS,

Defendant.

---

**DEFENDANT'S RESPONSES IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

---

Defendant objects to Plaintiff's motions in limine, (dkt. 44), as follows.

## LEGAL STANDARD

"The court will grant a motion in limine to bar evidence only where that evidence is clearly inadmissible for any purpose." *Sec. & Exch. Comm'n v. Ferrone*, 163 F. Supp. 3d 549, 555 (N.D. Ill. 2016) (citation omitted). "This is a high standard." *Thomas v. Sheahan*, 514 F.Supp.2d 1083, 1087 (N.D.Ill.2007). "The moving party bears the burden of establishing clear inadmissibility." *Euroholdings Capital & Inv. Corp. v. Harris Trust & Sav. Bank*, 602 F.Supp.2d 928, 934 (N.D.Ill.2009). "If the moving party cannot satisfy her burden, the evidentiary ruling should be deferred until trial." *Ferrone*, 163 F. Supp. 3d at 555.

## ARGUMENT

### I. Defendants' response to Plaintiff's motion in limine 1: The Court should prohibit evidence intended to prove and bar the

**argument that Defendant Rolly Wagas's search of Plaintiff Faison was legally reasonable.**

Defendant OBJECTS. Plaintiff's motion is vague and overbroad. Defendant has no intention to "prove" an issue that has already been ruled on by the Court on summary judgment. Similarly, Defendant has no intention of presenting arguments that contradict the Court's summary judgment ruling. However, as further explained below in Defendant's response to Plaintiff's motion in limine 4, at trial Defendant must be allowed to properly and fairly explain the reasoning behind his actions with relevant evidence. It is too ambiguous as to what type of evidence Plaintiff is referring to here, and what he means by "legally reasonable." Moreover, given that punitive damages are "intended to 'punish the defendant for reprehensible conduct and to deter him and others from engaging in similar conduct,' their *reasonableness* is assessed by analyzing the wrongfulness of the defendant's underlying actions and the damage caused by them." *Chinouth v. MJC Am., Ltd.*, No. 3:24 C 50323, 2026 WL 272428, at *5 (N.D. Ill. Feb. 3, 2026) (citing *Kemezy v. Peters*, 79 F.3d 33, 34 (7th Cir. 1996)). Reasonableness is essential when it comes to determination on punitive damages. Therefore, Plaintiff's motion should be denied.

**II. Defendants' response to Plaintiff's motion in limine 2: To preclude evidence or argument that Faison was trafficking drugs.**

Defendant OBJECTS. Plaintiff's motion is vague and overbroad. Defendant has no intention of accusing Plaintiff of a crime he did not commit. However, the underlying investigation for the search at issue pertains to suspected drug crimes. It is too ambiguous as to what type of evidence Plaintiff is referring to here, and what

he means by "evidence . . . that Faison was trafficking drugs." Absent clarification on this ambiguous description, Plaintiff's motion should be denied.

**III. Defendants' response to Plaintiff's motion in limine 3: To preclude Defendant Wagas from offering any character evidence, evidence of crimes, wrongs, or other acts without a prior ruling from the Court allowing such evidence. FED. R. EVID. 404.**

No objection. The same rule should apply to Plaintiff.

**IV. Defendants' response to Plaintiff's motion in limine 4: To preclude any reference to a police officer being a dangerous job.**

Defendant OBJECTS. Plaintiff's motion is vague and overbroad. The job of a law enforcement officer is inherently dangerous. Most of the bases or reasonings behind law enforcement actions in the fields are tied to the dangerous nature of their job. Here, Defendant was a State Patrol Trooper working on highways at the time of the incident. It is common knowledge that interstate highways are corridors of drug trafficking, and traffic stops often lead to recovery of illicit drugs and firearms. *See Cary v. City of Fond du Lac*, No. 19-CV-498, 2021 WL 1381190, at *7 (E.D. Wis. Apr. 12, 2021) ("The connection between weapons and drugs . . . is so well-established that it hardly need be stated"). Any explanation or testimony pertaining to the rationale behind a law enforcement officer's action can potentially invoke a *reference* regarding the risks associated with their work and investigations.

Here, the State Patrol Troopers suspected drug-related crimes during the investigation, which eventually led to the search at issue. Such rationale or reasonings behind Defendant's actions are also relevant in that, at trial, the jury will need to determine whether Plaintiff is entitled to punitive damages. In doing so, they

will need to consider, *inter alia*, whether Defendant should be punished for his conduct and to serve as an example or warning to deter similar conduct in the future; whether Defendant acted with malicious intent or for the purpose of injuring Plaintiff; and whether, under the circumstances, Defendant simply did not care about Plaintiff's rights. *See Fed. Civ. J.I. of the 7th Cir.* § 7.28 (Damages: Punitive).

Prohibiting Defendant from speaking about the most fundamental component of his work and investigations in the field will result in undue prejudice to Defendant. If Plaintiff's motion is granted, Defendant will be deprived of his opportunity to properly and fairly explain his actions and his complete lack of malicious intention to violate Plaintiff's rights.

On the other hand, allowing such testimony will not evoke sympathy irrelevant to the issues of damages at trial. Members of the public are already aware of the dangers associated with law enforcement work in the field, yet people still react differently to this fact. Relevance is a "low threshold," and "even testimony that has 'only minimal relevance' satisfies Rule 401." *Nielsen v. Sexton*, No. 23-3060, 2026 WL 538015, at *19 (7th Cir. Feb. 26, 2026) (not yet in federal reporter).

Plaintiff's motion should be denied.

**V. Defendants' response to Plaintiff's motion in limine 5: To preclude the Defendant from referring to the jury as taxpayers.**

No objection.

## CONCLUSION

Based upon the foregoing, Defendant respectfully requests the Court to deny Plaintiffs' motions in limine numbers 1, 2, and 4.

Dated: May 8, 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Emmeline Lee
EMMELINE LEE
Assistant Attorney General
State Bar #1097677

BRANDON T. FLUGAUR
Assistant Attorney General
State Bar #1074305

Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1178 (Lee)
(608) 266-1780 (Flugaur)
(608) 294-2907 (Fax)
Emmeline.Lee@wisdoj.gov
Brandon.Flugaur@wisdoj.gov