IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

XAVIER FAISON,

　　　　　　　　　　　　Plaintiff,　　　　　　　　　　OPINION AND ORDER

　　　v.
　　　　　　　　　　　　　　　　　　　　　　　　　25-cv-002-wmc
ROLLY WAGAS,

　　　　　　　　　　　　Defendant.

In this case scheduled for a jury trial on June 1, 2026, in Madison, Wisconsin, plaintiff Xavier Faison claims that State Trooper Rolly Wagas violated his Fourth Amendment rights by searching him without a warrant.  The following order addresses the parties' motions in limine in advance of the final pretrial conference ("FPTC") to be held tomorrow, May 19, 2026, at 2:30 p.m.

OPINION

A.  Plaintiff's omnibus motion in limine (dkt. #44)

1.  Prohibit evidence intended to prove and bar the argument that defendant Rolly Wagas's search of plaintiff Faison was legally reasonable.

Both parties agree that defendant's subjective belief that his search of plaintiff was justified is relevant to the issue of punitive damages.  (Plt.'s MIL (dkt. #44) 2; Dft.'s Resp. (dkt. #61) 2.)  However, plaintiff argues that defendant should be precluded from arguing that the search was "legally reasonable," and specifically, from eliciting testimony from other law enforcement witnesses about their impression of the search or the k-9 unit's certifications.

The court will RESERVE on this motion.  Although the court agrees with plaintiff that another officer's subjective beliefs would not be relevant to *liability* under the Fourth Amendment, the impressions of other officers could be relevant to punitive damages.  In

particular, punitive damages are "intended to 'punish the defendant for reprehensible conduct and to deter him and others from engaging in similar conduct,' [and] their reasonableness is assessed by analyzing the wrongfulness of the defendant's underlying actions and the damage caused by them." *Chinouth v. MJC Am., Ltd.*, No. 3:24 C 50323, 2026 WL 272428, at \*5 (N.D. Ill. Feb. 3, 2026) (citing *Kemezy v. Peters*, 79 F.3d 33, 34 (7th Cir. 1996)); *see also E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 838 (7th Cir. 2013) (the reasonableness of a punitive damages award depends on the "reprehensibility of the defendant's conduct.")   That other officers thought defendant's conduct was subjectively reasonable -- albeit not objectively reasonable -- may be relevant both to the question of reprehensibility (whether the conduct was the result of intentional malice), but also whether officers generally need to be deterred from engaging in similar conduct in the future.  The parties should be prepared to address where the line should be drawn as to such evidence at the FPTC.

 2.  **Preclude evidence or argument that Faison was trafficking drugs.**

Plaintiff moves to preclude defendant from presenting evidence or argument that plaintiff was trafficking drugs.  Although defendant concedes that no drugs were found during the search of plaintiff or the vehicle, and that nobody was arrested as a result of the stop (Wagas Dep. (dkt. #17) 30), defendant opposes the motion on the grounds that it is "vague and overbroad."  The court disagrees, but will GRANT the motion with the caveat that defendant may introduce evidence that both the search of plaintiff and the vehicle was based on a k-9's alert to the vehicle; and thus, it was related to *suspected* drug crimes.  If the parties need further clarification about what evidence may be offered under this ruling, they should seek further guidance at the FPTC.

3. **Preclude defendant from offering any character evidence, evidence of crimes, wrongs, or other acts without a prior ruling from the court allowing such evidence.**

This motion is GRANTED as unopposed.

4. **Preclude any reference to "police officer" being a dangerous job.**

This motion will be GRANTED IN PART and DENIED IN PART.  While Wagas and other officers may offer limited testimony about what he was thinking and feeling during the traffic stop in question, including the *possible* risks and dangers present during any traffic stop, as well as argue it as a consideration in assessing whether defendant's conduct was reprehensible, testimony and argument seeking to evoke sympathy irrelevant to the questions of compensatory and punitive damages will be excluded under FED. R. EVID. 401.  For example, the State Patrol Troopers may explain the reasons for a suspected drug-related crime during the investigation, which eventually led to the search at issue.  Such rationale or reasoning behind defendant's actions may be relevant at trial, since the jury will need to determine whether plaintiff is entitled to punitive damages.  So, too, may any explanation or testimony pertaining to the rationale behind a law enforcement officer's action potentially justify a brief reference to the risks associated with their work and investigations.

5. **Preclude defendant from referring to the jury as taxpayers.**

This motion is GRANTED as unopposed.

3

**B. Defendants' omnibus motion in limine (dkt. #50)**

**1. To bar any testimony, argument, or innuendo that may indicate, allude to, or otherwise falsely suggest that defendant is liable or otherwise violated plaintiff's rights during the traffic stop at issue, other than by searching   plaintiff's jacket and pants pockets.**

This motion is GRANTED as unopposed.

**2. To preclude any liability jury instructions.**

This motion is GRANTED as unopposed.

**3. To bar any testimony, argument, or innuendo of racial motivation.**

Defendant argues that because plaintiff did not plead a race discrimination claim, he should be precluded from arguing or testifying that defendant's conduct was racially motivated or otherwise suggesting that race is relevant to damages.  Plaintiff objects to the motion, arguing that his race impacted how he felt about defendant's conduct at the time and now.  This motion will be GRANTED IN PART and DENIED IN PART.  Plaintiff may testify about how his race contributed to his own emotional distress, both while he was being searched and today, as such testimony is relevant to compensatory damages.  However, plaintiff may *not* accuse defendant personally of having or acting on any kind of racial bias absent a persuasive proffer at the FPTC supporting such an accusation.

**4. To bar any testimony, argument, or innuendo of any allegations of inappropriate groping or touching during defendant's search of plaintiff.**

Defendant argues that because plaintiff did not plead allegations that he was subjected to inappropriate groping or touching during the search, he should be precluded from making such accusations at trial.  Plaintiff objects to the motion, although he does not indicate that he intends to make such accusations.  Instead, he responds that he was not required to plead every

4

detail of the search, and points out defendant could have, but did not, depose him or seek other discovery to learn how plaintiff intends to describe the search at trial. Although plaintiff is technically correct, this court encourages parties to avoid sandbagging each other with undisclosed theories during a civil trial, especially where difficult admissibility issues may need to be decided on the fly at trial, risking an erroneous ruling, or even worse, a mistrial. Thus, the court will RESERVE on this motion. At the FPTC, plaintiff should be prepared to state whether he intends to offer evidence of and seek damages for inappropriate groping or touching during the search at issue. The court will then determine whether plaintiff's evidence and argument is admissible.

5. **To bar testimony, argument, or innuendo of allegations that defendant violated any policies, procedures, or rules of the Wisconsin State Patrol (WSP) or the Wisconsin Department of Transportation (DOT).**

Defendant argues that because violations of internal rules or state law do not establish a constitutional violation, *Thompson v. City of Chicago*, 472 F.3d 444, 454–55 (7th Cir. 2006), plaintiff should be precluded from arguing that defendant violated any such policies or laws. However, the court agrees with plaintiff that evidence of violations of rules, policies and laws *may* be relevant considerations to an award of punitive damages, just as they are properly considered in judging whether an officer's conduct was objectively reasonable, including whether defendant recklessly violated plaintiff's Fourth Amendment rights by disregarding such policies. Thus, this motion is DENIED.

6. **To exclude evidence and argument regarding the court's summary judgment opinion or analysis.**

This motion is GRANTED as unopposed.

5

7. **To bar requests for discovery, references to discovery disputes, or suggestions of discovery noncompliance in the jury's presence.**

   This motion is also GRANTED as unopposed.

8. **To bar generalized claims that law enforcement officers lie, conspire, cover up, or maintain a "Code of Silence."**

   This motion is GRANTED IN PART as unopposed since plaintiff agrees that he will not discuss a "code of silence." However, plaintiff also responds that he "reserves the right to speak about law enforcement generally as relevant to the deterrent effects of punitive damages and that specific witnesses may be biased." (Plt.'s Resp. (dkt. #59) 3.) Although skeptical that plaintiff could *testify* to these matters on personal knowledge, the court will RESERVE on the admissibility of such evidence or argument, as it is unclear what specific type of argument plaintiff intends to make. Thus, plaintiff should be prepared to discuss this motion at the FPTC as well.

9. **To bar references to the law enforcement system being "corrupt" or prior, unrelated conduct or misconduct by WSP troopers or inspectors.**

   This motion is GRANTED as unopposed.

10. **To bar plaintiff from offering opinion testimony about the credibility of other witnesses.**

    This motion is GRANTED as unopposed, although both parties may argue in closing as to any witness's credibility on the stand.

11. **To exclude evidence or argument regarding indemnification, costs, or settlement discussions.**

This motion is GRANTED as unopposed.

12. **To bar references or comparisons to unrelated, high-profile law enforcement search or use of force incidents and current events.**

Defendant seeks to preclude plaintiff from referring to other high-profile law enforcement searches or use of force incents as irrelevant and unduly prejudicial. This motion will be DENIED. The court agrees with plaintiff that *limited* reference to such incidents during plaintiff's testimony is relevant to compensatory damages, at least to the extent those incidents may have impacted his emotional state, pain and suffering.

13. **To exclude golden rule or sympathy arguments.**

This motion is GRANTED as unopposed and applies to both parties.

14. **To bar "value of rights" arguments for damages.**

Defendant moves to preclude plaintiff from arguing that he should be compensated for the "value" or "importance" of constitutional rights, separate from any actual injury proved to have been caused by defendant's conduct. This motion is GRANTED IN PART and DENIED IN PART. Plaintiff cannot argue for damages based on the abstract value of his Fourth Amendment rights, and he agrees that he will not make such an argument. (Plt.'s Resp. (dkt. #59) 5.) However, he may testify that he incurred emotional distress or mental suffering as a result of defendant's violation of his Fourth Amendment rights during the unauthorized search of his person, which are important to him and were violated. He may also argue that

7

defendant's violation of his rights is relevant to punitive damages.  If necessary, the parties should seek further guidance on this ruling at the Final Pretrial Conference.

**15. To exclude any expert testimony, unsupported medical diagnosis, expert opinions, and speculative causation testimony from Plaintiff and his witnesses.**

This motion is GRANTED as unopposed.

**16. To enforce Rule 26(a)(3) disclosures as to plaintiff's witness.**

This motion is GRANTED as unopposed and applicable to both parties as well.

**17. To bar plaintiff and his witnesses from establishing or attempting to establish "good character" of plaintiff by testifying that he has never been convicted of a crime.**

This motion will be GRANTED IN PART, DENIED IN PART and RESERVED IN PART.  Plaintiff concedes that he may not discuss his lack of criminal history to establish good character or as a reverse impeachment.  (Plt.'s Resp. (dkt. #59) 6.)  However, the court agrees with plaintiff that his lack of criminal history is relevant to compensatory damages, as plaintiff had no experience being searched by police and was more humiliated and afraid than he might have been had he similar experiences in his past.

Plaintiff also argues that his lack of criminal history is relevant to punitive damages because it is relevant to defendant's motivations in searching him.  However, it is not clear from the record whether defendant knew one way or the other about plaintiff's lack of criminal history.  Thus, before plaintiff may argue that his lack of criminal history is relevant to punitive damages, he must make a proffer outside the jury's presence that defendant possessed such information.  Of course, confirming that *defendant* had no

knowledge of any criminal history regarding plaintiff may be fair game in cross-examination.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion in limine (dkt. #44) is GRANTED IN PART, DENIED IN PART, and RESERVED IN PART as set forth above.

2) Defendant's motions in limine (dkt. #50) are GRANTED IN PART, DENIED IN PART and RESERVED IN PART, as set forth above.

Entered this 18th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

9